UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

| | | |
|---|---|---|
| HINTZE, MATTHEW BRUCE and HINTZE, LARINA K., | Case No. Chapter 7 | **12-10462-KKS** |

    Debtors.
_____/

THERESA M. BENDER, as Trustee and as Managing Member of TutoringZone, LC, and TUTORINGZONE, LC, a Florida Limited Liability Company,

    Plaintiffs,

| | | |
|---|---|---|
| vs. | Adv. No. | **14-01005** |

MATTHEW BRUCE HINTZE, LARINA K. HINTZE, PAUL HINTZE, BRUCE HINTZE, TUTORINGZONE II, LLC, a Florida Limited Liability Company, CYNTHIA L. FRENCHMAN and CHRISTOPHER M. JAMES,

    Defendants.
_____

### MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

The plaintiff, THERESA M. BENDER, by and through the undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 7041 (incorporating Federal Rule of Civil Procedure 41), moves for an order dismissing the remaining

counts held by Ms. Bender, as opposed to those held by TutoringZone, LC and TZ Acquisition, LLC, and in support thereof states as follows:

1. This adversary proceeding involves various actions related to the transfer of intellectual property from TutoringZone, LC ("TZ1") to TutoringZone II, LLC ("TZ2"), in advance of the debtors' filing of the petition in the administrative case. The Trustee, succeeding to membership of TZ1, filed this action as trustee of the bankruptcy estate in the case and on behalf of TZ1 seeking relief related to such transfers.

2. In the administrative case, the estate concluded its sale of the TutoringZone membership interest and as much of the Trustee's litigating position as was lawfully transferable in this adversary proceeding. *See* Case No. 12-10462, ECF Nos. 580, 587. The order approving the sale but reserving the issue of transferability was entered on March 17, 2016.

3. The transferability matter was resolved by order dated July 22, 2016. Case No. 12-10462, ECF No. 591. The order sustained the objection to the sale with respect to Counts XIII-XV, which remained with the Trustee, Count XX which "if it exists at all shall remain the property of TZ1," and Counts XVI-XIX, which were property of TZ1. *Id.* at 12–13. All other then-pending counts were transferred as part of the sale. *See id.* at 13.

4.      Under Bankruptcy Rule 7041, incorporating Civil Rule 41(a)(1), the plaintiff has the right to voluntarily dismiss without court approval only where (i) the notice is filed before the opposing party serves either an answer or a motion for summary judgment; or (2) all parties that have appeared sign a stipulation dismissal.

5.      It is not entirely clear how Rule 41(a)(1)(i) applies where (1) some but not all of the defendants have filed an answer, ECF Nos. 13, 54, and that one that has not is the defendant of the relevant counts; and (2) some of the original plaintiff's claims have been transferred as part of the sale motion suggesting that not all of the plaintiff's claims are being dismissed—even if all of the Trustee's remaining claims are.  For that reason, the Trustee files this motion ostensibly under Rule 41(a)(2) with the above caveat.

6.      As part of the bidding process, the Trustee confirmed that if Counts XIII-XV were retained, that they would be dismissed because the Trustee would not compete with the prevailing bidder.  The Trustee appreciates that all bidding was done with this understanding.  Although not explicitly stated, a dismissal with prejudice is appropriate to adhere to the spirit in which the bidding was conducted. In any event, a dismissal without prejudice would serve the same purpose by effectively barring the actions under section 547 and 548 on account of section 546.

7.      With this dismissal, the Trustee suggests an amendment of the case style and requests a withdrawal from receipt of further notices in this case.

## Statement on Rule 7.1 Conferral

The undersigned initially contacted counsel for all parties on July 22, 2016 with a follow up on August 8, 2016.  The undersigned was advised by counsel for the defendants (but not the Hintzes to the extent they remain pro se in this proceeding) that there was no objection to the relief requested.  The undersigned understands that counsel for TZ Acquisition and TutoringZone intends to file a motion to assume control of these counts in the administrative case and understands that position to impliedly object to the relief requested herein.

WHEREFORE, the plaintiff Theresa M. Bender, respectfully requests that this Court enter an order dismissing counts XII through XV with prejudice, amending the case style, removing the Trustee and her counsel from the notice list, and awarding such further relief as the Court deems just and proper.

Respectfully submitted this 17th day of August 2016.

>*/s/ Trevor A. Thompson*
>**TREVOR A. THOMPSON**
>E-mail: tthompson@clarkpartington.com
>Florida Bar No. 0068006
>**KEITH L. BELL, JR.**
>E-mail: kbell@clarkpartington.com
>Florida Bar No. 573809
>CLARK, PARTINGTON
>106 East College Avenue, Suite 600
>Tallahassee, FL 32301
>Telephone: (850) 320-6827
>Facsimile: (850) 597-7591
>*Counsel for the Plaintiff Theresa M. Bender*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic transmission on this 17th (or 18th depending on CM/ECF service settings) day of August 2016, to the following:

- Ryan E. Davis   rdavis@whww.com; thiggens@whww.com; scolgan@whww.com
- Justin M. Luna   bknotice@lseblaw.com; jluna@lseblaw.com; wrivera@lseblaw.com; ctaylor@lseblaw.com; eechevarria@lseblaw.com; dvelasquez@lseblaw.com; mfranklin@lseblaw.com
- Robert Drake Wilcox   rw@wlflaw.com, eb@wlflaw.com

and by United States mail and email this 17th day of August 2016 to the following:

Matthew Bruce and Larina K. Hintze
708 N.E. Blvd.
Gainesville, FL 32601
Email: matthewhintze@gmail.com

>*/s/ Trevor A. Thompson*
>**TREVOR A. THOMPSON**